UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMBER MARIE CLARK,
    Plaintiff,

vs.                                            Case No.: 3:24cv416/TKW/ZCB

DEPARTMENT OF CHILDREN
AND FAMILY'S FLORIDA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution stemming from Florida Department of Children and Families' (DCF) removal of her children. The Court is statutorily required to review Plaintiff's complaint to determine whether this action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, Plaintiff's complaint should be dismissed without prejudice because DCF is immune from suit under the Eleventh Amendment doctrine of sovereign immunity.

1

## I.  Background

This is one of six cases Plaintiff filed in this Court on September 3, 2024.[1] In this case, Plaintiff's complaint names DCF as the only Defendant. Plaintiff alleges that on March 23, 2022, "Noah and Lilith [were] falsely sheltered from" her. (Doc. 1 at 4). Plaintiff does not specify her relationship with Noah and Lilith, but the Court presumes these are her children. For relief, Plaintiff seeks $3 billion and the return of her children.[2]

## II.  Statutory Screening Standard

When an individual is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion thereof, if it determined it is

---

[1] The other five cases are (1) *Clark v. Santa Rosa County Sheriff's Department*, No. 3:34cv411/MCR/HTC; (2) *Clark v. Department of Children & Family's Florida*, No. 3:24cv412/MCR/HTC; (3) *Clark v. Department of Children & Family's Florida*, No. 3:24cv413/TKW/ZCB; (4) *Clark v. Hilly*, 3:24cv415/MCR/ZCB; and (5) *Clark v. Department of Children & Family's Florida*, 3;24cv416/TKW/ZCB. In *Clark v. Department of Children & Family's Florida*, there is a pending report and recommendation recommending dismissal for the same reasons addressed here. No. 3:24cv412/MCR/HTC (Doc. 5).

[2] Plaintiff's complaint includes other allegations not discussed in this Report and Recommendation. These allegations range from her children's father having an affair to him attempting to commit suicide. These allegations do not bear on the constitutional claims asserted against DCF. Accordingly, these allegations are largely not discussed.

2

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim, the plaintiff must plead factual content which allows the Court to draw the reasonable inference Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe a *pro se* party's allegations. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.  Discussion

Under the Eleventh Amendment doctrine of sovereign immunity, states and state agencies are immune from civil suits. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1995). Unless immunity has been waived, Congress has abrogated it, or prospective injunctive relief is sought against a state official, the Eleventh Amendment is an absolute bar to a suit by an individual against a state or its agencies in federal court. *See Edelman v. Jordan*, 415 U.S. 651 (1974); *see also Ross v. Dep't of Children Fla.*, No. 3:13cv1185, 2014 WL 12625122, at *2 (M.D. Fla. Apr. 28, 2014)

(noting that the *Ex parte Young* exception only applies to claims for injunctive relief brought against an individual rather than a state agency such as DCF). Moreover, courts lack jurisdiction over a claim that is barred by the Eleventh Amendment. *See Seaborn v. State of Fla., Dep't of Corr.*, 143 F.3d 1405, 1407 (11th Cir. 1998).

Here, Plaintiff is suing DCF—an agency of the State of Florida. And Florida has not waived its sovereign immunity in 42 U.S.C. § 1983 actions nor has Congress abrogated it. *See Driessen v. Univ. of Miami Sch. of Law*, 835 F. App'x 489, 492 (11th Cir. 2020) (noting that 42 U.S.C. § 1983 does not abrogate sovereign immunity and that Florida has neither "waived sovereign immunity or consented to suit with respect to such actions"). Thus, sovereign immunity bars Plaintiff's claims against DCF.[3]

---

[3] To the extent Plaintiff is attempting to nullify a state-court judgment regarding her parental rights, such a claim is barred by the *Rooker-Feldman* doctrine. *See, e.g.*, *Fox v. Fla. Dep't of Children & Families*, 828 F. App'x 639, 642 (11th Cir. 2020) (holding the "district court properly dismissed Fox's federal claims for lack of subject matter jurisdiction under the *Rooker-Feldmen* doctrine" because a claim that "FDCF investigator violated her Fourth and Fourteenth Amendment rights when he removed her daughter from her home . . . would effectively nullify the state-court judgment . . . terminating her parental rights and stripping her of custody").

Finally, even in the absence of immunity, Plaintiff's scant and disjointed allegations against DCF fail to state a claim under the Fourth, Fifth, or Fourteenth Amendments. Instead, they are so vague and conclusory that they do not meet the basic pleading standards set forth in the Federal Rules of Civil Procedure. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("[S]ection 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation."); *see also Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019) (identifying one category of shotgun pleadings as pleadings that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). Given the issues with Plaintiff's allegations—especially the fact that the Eleventh Amendment doctrine of sovereign bars her action against DCF—allowing leave to amend would be futile. *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) (explaining that "a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile"); *see also* The complaint, therefore, should be dismissed without prejudice.

5

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) and that the Clerk of Court close this case.

At Pensacola, Florida this 10th day of September 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.